SOLI CORPORATION, SOLI AOLAOLAGI, and MARK
MEREDITH, Appellants

v.

AMERIKA SAMOA BANK, DEVELOPMENT BANK OF
AMERICAN SAMOA, and UNITED STATES SMALL BUSINESS
ADMINISTRATION, Appellees

High Court of American Samoa
Appellate Division

AP No. 8-93

November 15, 1993

Before KRUSE, Chief Justice, CANBY,* Acting Associate Justice,
MUNSON,** Acting Associate Justice, VAIVAO, Associate Judge,
MAILO, Associate Judge.

Counsel: For Appellants, Roy T. Chikamoto and Gata E. Gurr
 For Appellee Amerika Samoa Bank, William H.
 Reardon
 For Appellee Development Bank of American Samoa,
 Marshall Ashley

---

* Honorable William C. Canby, Jr., Circuit Judge, United States Court of Appeal for
the Ninth Circuit, serving by designation of the Secretary of the Interior.

** Honorable Alex R. Munson, Chief Judge, United States District Court for the
Northern Marianas, serving by designation of the Secretary of the Interior.

For Appellee United States Small Business Administration, Roy J.D. Hall, Jr.

KRUSE, Chief Justice

On November 8, 1993, this court heard the appeal of the trial court's denial of relief from judgment under T.C.R.C.P. 60(b). At that time, attorneys Chikamoto, Reardon, and Ashley presented their respective oral arguments.

 To appeal the trial division's decision in a civil case, a motion for a new trial must be filed within ten days after the judgment is announced. A.S.C.A. § 43.0802. The High Court's procedural rules likewise state that "a motion for a new trial as required by 43.0802 A.S.C.A. shall be filed with the clerk of court within 10 days after the date of entry of the *judgment or order* appealed from." A.C.R. 4(a)(1) (emphasis added). The denial of a motion for relief under Rule 60 qualifies, in our view, as an "order" within the meaning of this rule. The purpose of requiring a motion for new trial, which sets forth "with particularity" the grounds for reversal, is to avoid unnecessary appeals by giving the trial court an opportunity to correct any errors it may have made. *Taulaga v. Patea*, 17 A.S.R.2d 34, 35 (App. Div. 1990) (citing *Government of American Samoa v. King*, AP No. 19-1970, slip op. at 3). Whether styled a motion for new trial or a motion to reconsider, the statute's requirement is met as long as the motion is filed within ten days and clearly informs the trial court of the claimed errors in its decision. *Lualemana v. Asifoa*, 17 A.S.R.2d 151, 152-53 (Land & Titles Div. 1990); *see Taulaga v. Patea*, 17 A.S.R.2d at 35.

 Furthermore, filing a motion for a new trial is a mandatory, jurisdictional prerequisite for an appeal. *Taulaga v. Patea*, 17 A.S.R.2d 206, 207 (App. Div. 1990); *Lualemana v. Asifoa*, 17 A.S.R.2d at 152-53; *In re Matai Title Mulitauaopele*, 17 A.S.R.2d 75, 79 (Land & Titles Div. 1990); *In re Matai Title Muagututi'a*, 15 A.S.R.2d 1, 2 (Land & Titles Div. 1990); *Gi v. Temu (Mem.)*, 12 A.S.R.2d 33 (Land & Titles Div. 1989). This is explained as follows:

The requirement of a motion for new trial or reconsideration of judgment is jurisdictional. *See*, *e.g.*, *Fai'ivae v. Aumavae*, AP 2-76 (decided December 9, 1977); *Government of American Samoa v. King*, AP No. 19-1970; *Judicial Memorandum No. 2-87*, 4 A.S.R.2d 172 (1987). If no timely motion for reconsideration or new trial conforming to the "particularity" requirement of Rule 7(b)(1) is filed within the statutory

41

ten-day deadline, then "the Appellate Division . . . has no jurisdiction to entertain an appeal in such a case --- regardless of any arguments, equitable or otherwise, to the contrary." *Judicial Memorandum, supra*, 4 A.S.R.2d at 174 (citing *Fai'ivae, supra*). *Taulaga v. Patea*, 17 A.S.R.2d at 35. Since this requirement is jurisdictional, the consequences of noncompliance are quite serious:

> Unlike violations of non-jurisdictional rules, for which the Court has the power to impose sanctions other than dismissal if the interests of justice would thereby be served, a would-be appellant's failure to comply with the mandatory steps necessary to give the Court jurisdiction leaves the Court powerless to grant any relief at all.

*Taulaga v. Patea*, 17 A.S.R.2d at 207.

Appellants failed to file a motion for reconsideration or new trial prior to filing an appeal, in violation of A.S.C.A. 43.0802 and A.C.R. 4(a)(1). Therefore, this court is without jurisdiction to consider their appeal.[1]

This appeal is hereby dismissed.

It is so ordered.

---

[1] Although this matter is dismissed on jurisdictional grounds, the appeal, in our view, lacks merit.